A. DOROTHY HENZE, petitioner-appellant,

*v.*

GUSTAVE C. HENZE, defendant-respondent.

[Submitted October term, 1942.   Decided January 22d, 1943.]

*Mr. Benjamin M. Ratner,* for the petitioner-appellant.

*Mr. Howard Isherwood,* for the defendant-respondent.

CASE, J.

The appeal is from an order of the Court of Chancery dated August 18th, 1942, the effect of which was to terminate a weekly payment required by an earlier order, dated April 28th, 1942, to be made by the husband to the wife "during the period of petitioner's unemployment and until the further order" of the court.

The state of case filed by the appellant is surprisingly incomplete.   A number of the deficiencies have been supplied in a supplemental state of case furnished by the respondent. But it is the duty of an appellant (rule 21) to provide an adequate state of case, and therefore it is the appellant's cause which must suffer if because of omissions the appeal is not made intelligible.   There appears to have been another and later order in Chancery, dated September 22d, 1942, based upon a petition then filed by the wife for permanent alimony and determining that the wife was not entitled thereto; but that order is not the subject of this appeal.

The pertinent events seem to be thus: On March 31st, 1923, the defendant and the petitioner, as husband and wife,

entered into a separation agreement that recited their differences and set up reciprocal duties. Several years later the wife sued for divorce and, on September 17th, 1927, obtained a decree which made no provision for alimony. In the early part of April, 1942, she presented her petition stating that no provision had been made for alimony in the divorce decree because she was employed at the time of the proceeding, that on February 1st, 1942, she had lost her employment and had since been unable to obtain work, that she had no independent income and that she, therefore, prayed an allowance for support. On April 28th an order was made which was entitled an "Order for Permanent Alimony" but which was not in fact such. It directed the defendant to pay the petitioner the sum of $10 per week "beginning from the date of this order during the period of petitioner's unemployment and until the further order of this court." In August the husband went into Chancery with a petition stating that Mrs. Henze was then and for sometime had been employed and praying that the order of April 28th be vacated and that Mrs. Henze be directed to refund the amounts paid by him during the period of her unemployment. On August 18th, 1942, the court made the order under appeal which vacated the order of April 28th but denied the husband's request for reimbursement.

The memorandum filed by the advisory master stated that he had reviewed the facts, including the above mentioned agreement, that the order of April 28th was made to meet the exigency of unemployment, that the wife was at the time of the writing of the memorandum gainfully employed and that, therefore, the alimony payments should cease. It is true that neither the wife's petition in April nor the husband's petition in August was made the subject of oral testimony; but no request was made for the taking of testimony. Both sides appear to have acquiesced in the procedure that was followed. The advisory master came to his decision upon the proofs submitted and relied upon by the parties.

Counsel for the appellant contents himself by citing the decisions of *Kirshbaum* v. *Kirshbaum, 125 N. J. Eq. 558: Parmly* v. *Parmly, 125 N. J. Eq. 545,* and *Kirshbaum* v.

*Kirshbaum, 129 N. J. Eq. 429,* and asserting that the order under review is unlawful because there is a continuing obligation on the part of the husband to contribute to the wife's support, that the court shall supervise the matter of alimony from time to time as the circumstances of the parties shall require and that the master failed to determine the petitioner's needs and the husband's means. The principle that a wife may not bargain away Chancery jurisdiction over alimony and that the jurisdiction of Chancery in that respect is a continuing one is not here involved. Chancery, in the order under review, made a reasonable determination based on the proofs adduced. We make no comment upon the sufficiency of the April order. Neither that order nor, as we have already said, the September order is before us for review. We interpret the April order, as did the advisory master, not as a continuing provision for permanent alimony, but as a direction to meet a temporary condition—the wife's unemployment; and the August order as recognizing that the unemployment had ended and that the relief given to meet the exigency of unemployment should also end.

The decree below will be affirmed. No counsel fee will be allowed to counsel for the appellant.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.

*For reversal*—None.